JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California  94102
   Telephone:    (415) 436-7071
   Facsimile:    (415) 436-7234
   Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL HIRSOHN,<br><br>    Defendant. | CR No. 08-229 MMC<br><br>**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DETENTION**<br><br>Date: April 15, 2008<br>Time: 9:30 a.m.<br>Judge: The Honorable James Larson |

**I.**

**INTRODUCTION**

On April 8, 2008, a grand jury indicted defendant Paul Hirsohn for transporting child pornography into the United States in violation of 18 U.S.C. § 2252(a)(1). The Court arraigned him on April 10, 2008. The Court should detain the defendant because no set of conditions will reasonably assure his appearance at future proceedings or the safety of the community. Additionally, a Court-appointed psychiatrist should examine the defendant to determine whether he poses a risk of committing suicide.

The defendant poses a substantial flight risk because he has strong ties to Thailand and travels there regularly. His girlfriend of 11 years lives in Thailand and he supports her and her family financially. No set of conditions will reasonably assure that he will not flee to Thailand considering the evidence against him is very strong and he faces a long prison sentence.

The defendant also poses a threat to the safety of the community. The dynamics surrounding child pornography defendants are complex. Recidivism rates for child pornography defendants are very high. More significantly, the embarrassment and public humiliation, along with stiff penalties facing such defendants, create an apparent mental instability among some child pornography defendants.

The Court should not release this defendant until a Court-appointed expert conducts a psychiatric exam and determines that he does not pose a risk to himself. Defendants on pre-trial release facing child pornography charges commit suicide significantly more often than defendants facing other criminal charges. As the Court noted during the defendant's arraignment, four defendants facing child pornography allegations have committed suicide in the past few months, and one additional defendant has attempted suicide. This Court should release the defendant only if it determines that he does not pose a risk to himself.

**II.**

**BACKGROUND AND STATEMENT OF FACTS**

Defendant Paul Hirsohn has developed strong ties to Thailand over the past decade. He travels there twice a year to visit Amorn Preelekha, his 30 year-old girlfriend of 11 years. The

defendant supports her financially: he sends her checks regularly, gave her a debit card to use, and sent her $25,000 to build a house for her mother.

The defendant bought 9 CDs containing child pornography movies and pictures during his last trip to Thailand, in January 2008.  He brought those movies and images into the United States on January 26, 2008.  He also brought into the country a hard drive containing his vast collection of child pornography, which he had taken to Thailand with him.

The defendant was arrested at San Francisco International Airport that day when he arrived from Thailand.  When he was arrested, he waived his *Miranda* rights and then admitted to law enforcement officers that he buys child pornography in Thailand and brings it into the country.  The defendant consented to a search of his apartment, where officers found more child pornography on another computer.  The government found, in total, over 1,700 child pornography images and dozens of child pornography videos.

Law enforcement officers interviewed the defendant again on April 2, 2008.  Although the defendant had been forthcoming with agents during his previous encounters with them, during that interview, he was evasive when asked whether he had molested children.  He refused to answer specific questions about sexual contact with children.  The defendant also stated that his "life is ruined" and that he "had a good 58 years but it's over."  (He is 58 years old.)

### III.

### ARGUMENT

**A.    The Defendant Bears The Burden Of Proving That The Court Should Release Him**

The defendant has been charged with transporting child pornography.  Therefore, he faces a presumption that no conditions of release will reasonably assure his appearance at trial or the safety of the community.  18 U.S.C. § 3142(e).  The defendant must rebut that presumption for the Court to release him before trial.

**B.    No Set Of Conditions Will Reasonably Assure The Safety Of The Community, Including The Safety Of The Defendant Himself**

The defendant has significant experience with computers.  He can, with this experience, easily access the Internet and, of course, child pornography.  But more significantly, the

defendant can be a danger to himself.

Moreso, the Court will not be able to set conditions of release that reasonably ensure the safety of the community because none of the defendant's family members will be able to supervise him. 18 U.S.C. § 3142(c)(1)(B)(I). The defendant could not stay with either of his brothers because they both have small children. The defendant faces child pornography charges and when asked if he had ever molested children, was initially evasive and ultimately refused to answer those questions. This is particularly troublesome considering he had been forthcoming when asked other questions unrelated to molesting children, even incriminating questions about child pornography. Additionally, one of the defendant's brothers is the president of a computer repair company and undoubtedly has many computers in his house. The defendant's mother is 83 years old and thus is too old to supervise him.

Without supervision, the defendant poses a safety risk to himself. The Court will not be able to determine the degree of this danger until the defendant undergoes a psychiatric examination. 18 U.S.C. § 3142(c)(1)(B)(x). As the Court noted at the defendant's arraignment, five defendants facing child pornography charges have attempted or committed suicide in the past several months.

Specific facts in this case support the need for a psychiatric examination of this defendant. The defendant made statements to law enforcement officers possibly indicating that he might attempt to commit suicide. He stated during one interview that his "life is ruined." He also stated that he "had a good 58 years but it's over." And, until last week, the defendant apparently thought that authorities suspected him only of transporting and possessing child pornography. However, during an interview on April 2, 2008, agents asked the defendant whether he ever had sexual contact with children. The defendant had cooperated with investigators up until that moment. After that, he refused to answer questions as to whether he had ever had sexual contact with any children. The defendant knew for two months that he was under investigation, but no details were public until the indictment against him was unsealed on April 10, 2008. Defendants in child pornography cases are obviously susceptible to feelings of

//

MEM. LAW SUPP. MOT. DETENTION
CR 08-229 MMC                                                                                                                4

1  shame and depression, specifically when these charges become public and family members and
2  friends learn of them.
3     In light of the type of charges the defendant faces, the high incidence of suicides by other
4  defendants facing the same charges, and the specific statements the defendant made, the Court
5  should detain the defendant until a Court-appointed psychiatrist examines him and determines
6  that he is not a suicide risk.
7     The Court can detain the defendant to conduct a psychiatric exam. 18 U.S.C. §
8  3142(c)(1)(B)(x). The Court also has broad authority to detain the defendant until other
9  conditions are met, such as successful completion of a mental examination. 18 U.S.C. §
10 3142(c)(1)(B)(xiv).
11    The Court should not rely on a psychiatric examination by an expert hired by defense
12 counsel. Instead, the Court should seek an opinion by a Court-appointed expert witness. If the
13 Court admits evidence of a defense expert witness, it should continue the hearing to let the
14 government review the report and perhaps question the witness. Although evidence at detention
15 hearings can be submitted by proffer, testimony by a defense "expert" should not be accepted at
16 face value. Instead, the government should have an opportunity to question the expert witness'
17 methods and the evidence upon which the expert witness relies.
18    A defendant who attempts to commit suicide also can create a danger to the community.
19 For example, if a person uses a firearm or automobile to make such an attempt, he can easily
20 harm other people. This is not just a hypothetical danger: on April 4, 2008, George Halldin, a
21 defendant who faced child pornography charges, set fire to his office building and killed himself
22 with carbon monoxide from his car, which he had driven into the building. Like the present
23 defendant, Halldin had been under investigation for a long time – his suicide was not an
24 immediate response to being charged. This danger to the community weighs strongly in favor of
25 detention.
26 //
27 //
28 //

**C.  No Set Of Conditions Will Reasonably Assure The Defendant's Appearance At Future Proceedings**

The defendant faces charges alleging a violent crime involving minor victims. 18 U.S.C. § 3156(a)(4)(C) (child pornography crimes are "violent crimes" for purposes of detention). The defendant faces up to 20 years in prison and a mandatory minimum sentence of five years in prison, reflecting the seriousness of the charges he faces. *See* 18 U.S.C. § 2252(b)(1). The defendant has never served time in prison.

The government's case against the defendant also is strong, which favors detaining him before trial. 18 U.S.C. § 3142(g)(2). First, evidence was seized during a "border search" at San Francisco Airport. Border searches are a narrow exception to the Fourth Amendment's requirement that searches be supported by a warrant. *United States v. Sutter*, 340 F.3d 1022, 1025 (9th Cir. 2003). Second, additional evidence was seized during a search of the defendant's apartment after the defendant consented to that search. Third, the defendant confessed to every element of the crime after waiving his *Miranda* rights.[1]

These facts, combined with the shame society places on defendants who commit crimes against children give the defendant a strong incentive to flee the country. He has very strong ties to Thailand and could easily leave the country and go there. Even if the Court places travel restrictions on the defendant prohibiting him from booking a plane ticket out of the United States, he could easily drive across the border to Mexico or Canada.

## IV.

## CONCLUSION

Defendant Paul Hirsohn is a threat to flee before trial, a threat to the community, and potentially a threat to himself. Given his strong ties to Thailand and the threat that he poses, no set of conditions will reasonably assure his appearance or the safety of the community. Additionally, until the Court has an unbiased expert witness conduct a psychiatric examination

---

[1] Although agents gave the defendant *Miranda* warnings and he waived his *Miranda* rights, he was not in custody when he made statements to agents, so *Miranda* will never be an issue in this case.

MEM. LAW SUPP. MOT. DETENTION
CR 08-229 MMC                                                                                         6

of the defendant, the Court has no way of knowing the chance that he might commit suicide, like several other similarly situated defendants recently have.

DATED:   April 11, 2008              Respectfully Submitted:

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
TAREK J. HELOU
Assistant United States Attorney